# 907-15

ORIGINAL

IN THE

COURT OF CRIMINAL APPEALS OF TEXAS

MICHAEL WAYNE PERRY,
PRO SE,

v.

THE STATE OF TEXAS,
RESPONDENT.

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 17 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

SEP 17 2015

Abel Acosta, Clerk

FROM THE SECOND JUDICIAL DISTRICT COURT OF APPEALS, CAUSE NUMBER - 02-14-00293-CR, AND THE 297th DISTRICT COURT OF TARRANT COUNTY, TEXAS CAUSE NO. 1302260 D; THE HONORABLE JUDGE EVERETT YOUNG PRESIDING

PETITION FOR DISCRETIONARY REVIEW

# PARTIES AND COUNSEL

TRIAL COURT JUDGE                     HONORABLE EVERETT YOUNG

PRO SE/PETITIONER/DEFENDANT           MICHAEL W. PERRY

PETITIONER'S TRIAL COUNSEL           CHARLES H. ROACH
                                     933 W. WEATHERFORD, SUITE 212
                                     FORT WORTH, TEXAS 76102
                                     817-335-2727 OFFICE


PETITIONER'S APPELLATE COUNSEL       TIMOTHY COLE
                                     222 W. EXCHANGE AVE.
                                     FORT WORTH, TEXAS 76164
                                     940-867-0545 OFFICE


ATTORNEY FOR STATE                   THE STATE OF TEXAS
                                     CHARLES MALLIN
                                     ASSISTANT CRIMINAL ATTORNEY
                                     401 W. BELKNAP
                                     FORT WORTH, TEXAS 76196

# TABLE OF CONTENTS

PARTIES AND COUNSEL _____ i

TABLE OF CONTENTS _____ ii

AUTHORITIES _____ iii

STATEMENT REGARDING ORAL ARGUMENT _____ iii

STATEMENT OF THE CASE _____ iii

PROCEDURAL HISTORY _____ iv

ISSUE PRESENTED _____ v

THE ISSUE PRESENTED IN THIS CASE IS WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY OVERRULING THE OBJECTION OF APPELLANT'S TRIAL COUNSEL TO THE CLOSING ARGUMENT OF THE PROSECUTOR WHICH INVITED THE JURORS TO SPECULATE AS TO IMAGINARY WITNESS THAT THE DEFENSE MIGHT HAVE, BUT FAILED, TO CALLED TO TESTIFY REGARDING HIS CHARACTER WHEN NO EVIDENCE WAS PRESENTED BY EITHER THE STATE OR DEFENSE THAT THE WITNESS ACTUALLY EXISTED OR COULD HAVE BEEN CALLED TO TESTIFY.

REASON FOR REVIEW _____ v

ARGUMENT _____ vi, vii

PRAYER _____ vii

CERTIFICATE OF SERVICE _____ vii

APPENDIX _____ viii

# AUTHORIES AND STATUTES

## CASES
PAGE

BORJAN V. STATE, 715 S.W. 2nd, 94 _____ vi

BROWN V. STATE, 270 S.W. 3d, 570 _____ v, vi

EVERETT V. STATE, 707 S.W. 2nd, 638 _____ v, vi, vii

McKENZIE V. STATE, 617 S.W. 2nd, 219, 218 _____ v, vi, vii

MOSLEY V. STATE 686 S.W. 2nd, 180, 183 _____ vii

## STATUTES

TEX. CODE. CRIM. PROC. ART. 3707 _____ vii

---

## STATEMENT REGARDING ORAL ARGUMENT

IN THE EVENT THE PETITION IS GRANTED, THE PETITIONER REQUESTS ORAL ARGUMENT. ARGUMENT WOULD ASSIST THE COURT BECAUSE RESOLUTION OF THE GROUNDS FOR REVIEW DEPEND UPON A DETAILED EXPLORATION OF THE FACTS OF THE CASE. FURTHER, ORAL ARGUMENT WOULD PROVIDE THIS COURT WITH AN OPPORTUNITY TO QUESTION THE PARTIES REGARDING THEIR POSITIONS.

## STATEMENT OF THE CASE

MICHAEL WAYNE PERRY, APPELLANT, WAS INDICTED BY A TARRANT COUNTY GRAND JURY ON DECEMBER 4, 2012 IN SEPARATE INDICTMENTS FOR THE FELONY OFFENSES OF ROBBERY AND CREDIT CARD ABUSE ARISING FROM THE SAME CRIMINAL TRANSACTION.

CLERK'S REC., 5-6. THE ROBBERY INDICTMENT ALLEGED TWO ALTERNATIVE MEANS OF COMMITTING THE OFFENSE - THE FIRST PARAGRAPH ALLEGED ROBBERY OF NATASHA SERIE BY THREAT AND THE SECOND PARAGRAPH ALLEGED THE SAME OFFENSE BY CAUSING BODILY INJURY TO NATASHA SERIE. CLERK'S REC., P.5. FURTHER, THE ROBBERY COUNT ALSO INCLUDED THE STATE'S NOTICE OF INTENT TO ENHANCE THE PUNISHMENT RANGE WITH PROOF OF TWO PRIOR THIRD-DEGREE FELONY THEFT CONVICTIONS WHICH, PROVEN TRUE, WOULD HAVE INCREASED APPELLANT'S PUNISHMENT RANGE TO 25 TO 99 YEARS, OR LIFE, IN PRISON. CLERK'S REC., P.5. COUNT TWO OF THE INDICTMENT ALSO CHARGE APPELLANT WITH THEFT FROM PERSON OF NATASHA SERIE, A STATE JAIL FELONY WITH THE SAME ENHANCEMENTS NOTICE ALLEGED IN COUNT ONE, WHICH WOULD ELEVATED THE PUNISHMENT RANGE FOR COUNT TWO TO A SECOND-DEGREE FELONY IF PROVEN TRUE. CLERK'S REC, P.5-6. APPELLANT REJECTED A PLEA BARGIN OFFER OF TEN YEARS IN PRISON IN BOTH CASES, TO BE SERVED CONCURRENTLY, ELECTED JURY PUNISHMENT AND THE STATE PROCEEDED TO JURY TRIAL IN ONLY THE ROBBERY CASE ON JULY 14, 2014. REP. REC., VOL. 2, P. 7-8. THE PROSECUTOR WAIVED COUNT TWO OF THE INDICTMENT, ALONG WITH THE ENHANCEMENT NOTICE ATTACHED TO THAT COUNT, AND APPELLANT ENTERED HIS PLEA OF NOT GUILTY TO COUNT ONE. REP., VOL. 3, 5, 16. THE PROSECUTOR CONDUCTED HIS VOIR DIRE OF THE JURY PANEL, FOLLOWED BY A RECESS TAKEN BY THE TRIAL COURT PRIOR TO TURNING THE PANEL OVER TO THE DEFENSE ATTORNEY. DURING THE RECESS, AND AFTER SOME ADDITIONAL NEGOTIATING BY THE STATE AND DEFENSE, APPELLANT CHANGED HIS PLEA TO GUILTY AND AGREED TO PLEA TRUE TO ONLY ONE OF HIS PRIOR CONVICTIONS ALLEGED FOR ENHANCEMENT PURPOSES, RETAINING HIS ELECTION OF JURY PUNISHMENT RANGE AT A FIRST-DEGREE FELONY. REP. REC., VOL 3, P. 115.

ON THE AFTERNOON OF JULY 15, 2014, THE STATE PRESENTED ITS PUNISHMENT EVIDENCE; APPELLANT DID NOT TESTIFY AND HIS ATTORNEY DID NOT CALL A WITNESS OR OFFER ANY EVIDENCE. REP. REC., VOL. 4, P. 19-62. THE NEXT DAY, JULY 16, 2014, THE JURY RETURNED A VERDICT ASSESSING APPELLANT'S PUNISHMENT AT 40 YEARS IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION. REP. REC., VOL 5, P. 7. THE TRIAL COURT CERTIFIED APPELLANT'S RIGHT TO APPEAL AND NOTICE OF APPEAL WAS FILED ON JULY 16, 2014. REP. REC., VOL. 5, P. 8-9.

## PROCEDURAL HISTORY

THE JUDGMENT OF PETITIONER'S CONVICTION WAS ENTERED ON JULY 16, 2014. PETITIONER'S NOTICE OF APPEAL WAS TIMELY FILED AND PERFECTED ON JUNE 11, 2015, CHIEF JUSTICE DAUPHINOT AUTHORED AND ISSUED WITH JUSTICES GARDNER AND WALKER, JJ. OF THE 2ND COURT OF APPEALS IN FORT WORTH, A UNPUBLISHED OPINION AFFIRMING THE TRIAL COURT JUDGMENT A MOTION FOR REHEARING WAS NOT REQUESTED. A MOTION TO EXTEND TIME TO FILE A PRO SE PETITION FOR DISCRETIONARY REVIEW WAS GRANTED. APPELLANT NOW FILES HIS PRO SE PETITION FOR DISCRETIONARY REVIEW PURSUANT TO RULES 68 OF THE TEXAS RULES OF APPELLATE PROCEDURE. PARTIES IN THE COURT OF APPEALS: PRO SE APPELLANT: MICHAEL WAYNE PERRY; THE STATE OF TEXAS.

# ISSUE PRESENTED

THE ISSUE PRESENTED IN THE CASE IS WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY OVERRULING THE OBJECTION OF APPELLANT'S TRIAL COUNSEL TO THE CLOSING ARGUMENT OF THE PROSECUTOR WHICH INVITED THE JURORS TO SPECULATE AS TO IMAGINARY WITNESSES THAT THE DEFENSE MIGHT HAVE, BUT FAILED TO CALL TO TESTIFY REGARDING HIS CHARACTER WHEN NO EVIDENCE WAS PRESENTED BY EITHER THE STATE OR DEFENSE THAT THE WITNESS ACTUALLY EXISTED OR COULD HAVE BEEN CALLED.

# REASON FOR REVIEW

APPELLANT. MOVES THESE HONORABLE JUSTICE TO REVIEW APPELLANTS READDRESSING THE ARGUMENT ADDRESSED BY THIS COURT. AND TO TAKE IN FULL CONSIDERATION PRESIDENCE OF THE COURTS. RULING CITED IN THE APPELLANTS BRIEF. THIS COURT INCLUDING OTHER CIRCUIT COURTS THROUGH OUT THE NATION CITING MCKENZIE V. STATE 617 S.W. 2d AT 219, COMPLIMENT EVEATT V. STATE 707 S.W. 2nd 638. WHERE, THE RELIEVING ARGUABLE GROUND OF ERROR IS IDENTICAL THAT COURT RELIEF IN THE ABOVE CASE. HOWEVER APPELLANT WOULD LIKE TO REINSTATE BOTH APPELLANT'S BRIEF SEE APPELLANT'S BRIEF # NO 02-14-00293-CR. P. 10; PARAGRAPH TWO(2). BROWN. 270 S.W. 3d AT 570; APPELLANT'S PETITION FOR DISCRETIONARY REVIEW, THAT APPELLANT'S TRIAL COUNSEL OBJECTED TO THE IMMURDER JURY ARGUMENT AND OBTAINED ADVERSE RULING. SEE TRAP 33.1(A). RELYING ON BROWN V. STATE. 270 S.W. 3d AT 570. SUPPORTED BY TRAP 44.2(B). " IF THE ERROR DOES NOT EFFECT A SUBSTANTIAL RIGHT OF THE DEFENDANT. IT MUST BE DISREGARDED". APPELLANT. CITING THE CASES IN HIS P.D.R, AND APPELLANT BRIEF. APPELLANT BELIEVES THAT FROM THE RULING CITED IN THE ABOVE NOTED AND ARGUED FOR REVIEW FEEL THESE HONORABLE JUSTICES. SHOULD GRANT HIM THE SAME RELIEF FOR THE SAME IDENTICAL PREJUDICIAL SUFFERING DISCOVERED LOCATED WITHIN THIS COURTS OPINIONS. WHEREFORE, APPELLANT PRAY THAT THE HORONABLE JUSTICES. WILL GIVE SERIOUS ATTENTION TO THIS REQUEST FOR REVIEW AND REVERSE IT'S FORMER DECISION. AND REMAND THE CASE BACK TO THE DISTRICT COURT ON PUNISHMENT.

# ARGUMENT

APPELLANT, IN HIS READDRESSING THE COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS. IN IT'S DECISION RULING AGAINST APPELLANT'S ONLY GROUND OF ERROR. APPELLANT COUNSEL, ARGUED THAT THE STATE OF TEXAS. PROSECUTOR'S COMMENTS ON APPELLANT TO CALL SPECIFIC WITNESSES TO TESTIFY CONCERNING APPELLANT'S GOOD CHARACTER. REP.. VOL. 4.D.74-75. PRO SE APPELLANT. READDRESSING THIS COURTS ATTENTION; AS, DID APPELLANT IN APPELLANT'S APPELLANT BRIEF IN CAUSE NO. 02-14-00293-CR. RELYING ON THE SAME RULING HANDED DOWN IN McKENIE V. STATE, 617 S.W. 2d 218. "THE STATE PROSECUTOR CLEARLY DEMONSTRATED THE VERY SAME HARMFUL PERJUDICIAL VIOLATION ARGUED IN THE ABOVE CASE. CITING APPELLANT'S BRIEF RULING. DECISION AND OPINION. APPELLANT BRIEF. AT, APP. BRIEF., P.'s 9-10. ARGUING McKENIE SUPAI", CITING ALSO. EVERETT V. STATE, 707 S.W. 2d 638 (TEX. CR. APP 1986) " PROSECUTOR MAY NOT CREATE WITNESS AND COMMENT OR SPECULATE ABOUT WHAT THEY WOULD SAY." APPELLANT'S ARGUMENT FOR DISCRETIONARY REVIEW IS THAT APPELLANT WAS CLEARLY HARMFULLY PREJUDICED BY THE PROSECUTOR'S TO THE JURY. THAT ALONE SHOULD BE REASON TO RE-EXAMINE THE DECISION CITING. BORJAN V. STATE, 715 S.W. 2d 94 Id. AT 98 [P]ROSECUTOR MAY NOT USE JURY EITHER DIRECTLY OR INDRECTLY DURING ARGUMENT MATTERS OUTSIDE THE EVIDENCE OR RECORDS." APPELLANT OBJECTED TO THE IMPROPER JURY ARGUMENT AND OBTAINED AN ADVERSE RULING. SEE. TRAP 33. i(A). "WHEN JURY ARGUMENT FALLS OUTSIDE THE APPROVED AREAS, IT WILL NOT CONSTITUTE REVERSIBLE ERROR", UNLESS THE ARGUMENT IS VERY "EXTREME OR MANIFESTLY IMPROPER, OR INJECTS NEW FACTS HARMFUL TO THE ACCUSED." SEE BROWN V. STATE, 270 S.W. 3d AT 570 IF THE ERROR DOES NOT EFFECT A SUBSTANTIAL RIGHT OF THE DEFENDANT IT MUST BE DISREGARDED. TRAP 44. 2(b).

HOWEVER, THE ERROR IN THIS CASE INVITED THE JURY TO SPECULATE AS TO WHY THE DEFENDANT DID NOT CALL A CHURCH MEMBER OR HIS EMPLOYER AS A WITNESS. CITING APPELLANT'S BRIEF. P.'S 9-10 AT PARAGRAPH THREE (3). APPELLANT'S CASE DOES CLEARLY, DEMONSTRATE THE FINDINGS AND CONCLUDING AS THIS COURT RULING IN THE PROSECUTOR'S CLOSING ARGUMENT TO THE JURY. CITING, MC KENZIE V. STATE, DECISION. AND, EVERETT V. STATE, 707 S.W. 2d 638., MOSLEY V. STATE, 686 S.W. 2d 180, AT 183, SEE ART. 37.07 SEC. 3(A). V.A.C.C.P.. "[I]F ANY ARGUMENTS STANDING ALONE CALL FOR AUTOMATIC REVERSAL".

THE ARGUMENT BY THE STATE PROSECUTOR WAS IMPROPER AND INADMISSIBLE AND THE TRIAL COURT'S FAILURE TO SUBSTAIN APPELLANT'S OBJECTION TO IT'S REQUIRES REVERSAL.

## PRAYER

APPELLANT RESPECTFULLY PRAY THAT THIS COURT REVERSE THE JURY'S VERDICT ASSESSING SENTENCE IN THIS CASE, AND THE CASE TO THE TRIAL COURT FOR A NEW PUNISHMENT TRIAL.

## CERTIFICATE OF SERVICE

A COPY OF THIS PETITION FOR DISCERTIONARY REVIEW WAS SERVED ON COUNSEL FOR THE STATE OF TEXAS ON _____ DAY OF SEPTEMBER 2015, BY U.S. MAIL

MICHAEL PERRY #1941592
PRO SE PETITONIER
MC CONNELL UNIT
3001 S. EMILY DRIVE
BEEVILLE TEXAS 78102

vii

# APPENDIX

1. JUDGMENT OF THE TRIAL COURT CAUSE NO: 1302260-D, DATE: JULY-16-2014

2. CHARGE OF THE COURT CAUSE NO: 1302260-D, DATE: JULY-16-2014

3. OPINION OF THE COURT OF APPEALS, DATE: JUNE 11, 2015

4. JUDGMENT OF THE COURT OF APPEALS, DATE JUNE 11, 2015



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00293-CR

MICHAEL WAYNE PERRY APPELLANT

V.

THE STATE OF TEXAS STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1302260D

----------

## MEMORANDUM OPINION[1]

----------

Upon his plea of guilty, the jury convicted Appellant Michael Wayne Perry of robbery by threat and assessed his punishment at forty years' confinement as a repeat offender. The trial court sentenced him accordingly. In his sole issue, Appellant complains that the trial court reversibly erred by overruling his objection

---

[1]*See* Tex. R. App. P. 47.4.

to the State's jury argument at punishment. Because the trial court committed no reversible error, we affirm the trial court's judgment.

Appellant argues that the trial court committed reversible error by overruling his objection to the State's closing argument, "which invited the jurors to speculate as to imaginary witnesses that the defense might have, but failed, to call to testify regarding his character when no evidence was presented by either the [S]tate or defense that the witnesses actually existed or could have been called." Generally, in order to preserve a complaint related to jury argument error, the complaining party must make timely and specific objection to the jury argument.[2]

At trial, the following exchange occurred:

| [STATE]: | This has been a very short trial. We've got some pictures, we've got testimony. But you've seen the photo album that we brought to you. And I told you in jury selection guilt and innocence—or rather punishment phase of a trial is an opportunity for both sides to bring you anything they want. Have you heard anything good about this defendant? |
|---|---|
| [DEFENSE]: | Your Honor, we will object to that argument. It's a comment on the defendant's election not to testify. |
| THE COURT: | I'm going to overrule that particular objection. |

---

[2]Tex. R. App. P. 33.1(a)(1); *Threadgill v. State*, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004); *Mathis v. State*, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1173 (1997); *Carter v. State*, 614 S.W.2d 821, 823 (Tex. Crim. App. 1981).

| [STATE]: | Have you heard from an employer saying he's ever worked an honest day in his life? Fellow church member to say he's a good person? Anybody? If anybody came to you and said you've got a week, you need to come up with some people to come up with something good to say about you, could you come up with one? |
|---|---|

Although Appellant's trial objection was that the argument was a comment on his election not to testify, on appeal he contends that the prosecutor's argument was outside the record and encouraged the jury to speculate. It is well established that, in order to preserve a complaint for appellate review, the objection at trial must comport with the complaint raised on appeal.[3] In the case now before this court, we cannot conclude that the trial objection that the argument is a comment on Appellant's decision not to testify comports with the complaint on appeal that the argument is outside the record and encourages the jury to speculate.

We therefore overrule Appellant's sole issue on appeal and affirm the trial court's judgment.

---

[3]*Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014).

3

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 11, 2015

4

MICHAEL PERRY #1941592
O'CONNELL UNIT
1501 SOUTH EMILY DRIVE
BEEVILLE, TEXAS 78102

LEGAL MAIL

COURT OF CRIMINAL APPEALS
STATE OF TEXAS
P.O. BOX 12308 CAPITOL STATION
AUSTIN, TEXAS 78711